UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MADELINE GRULLON, Individually and as Parent and Natural Guardian of C.B., et al.,<br><br>       Plaintiffs,<br><br>    -against-<br><br>DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, et al.,<br><br>       Defendants. | 23-CV-5797 (JGLC)<br><br>**<u>ORDER</u>** |

JESSICA G. L. CLARKE, United States District Judge:

  On July 18, 2023, Defendants filed a letter-motion requesting that the Court consolidate the above-captioned matter with four other matters filed by Plaintiffs' counsel, including one matter before this Court, two matters before other judges in the Southern District of New York, and one matter filed in the Eastern District of New York. *See* ECF No. 12.

  Consolidation is appropriate where it serves the interest of judicial economy. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (finding that Rule 42(a) of the Federal Rules of Civil Procedure allows for consolidation to avoid unnecessary costs or delay when there are common questions of law or fact). Consolidation under Rule 42 "should be granted only to the extent that there is not confusion, delay or prejudice." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 41 (S.D.N.Y. 2012). "That is, the primary purpose of consolidation is savings of expense and gains of efficiency." *See Ekpe v. City of New York*, No. 20-cv-8248 (AT), 2021 WL 5999204, at *3 (S.D.N.Y. Dec. 20, 2021) (internal quotations omitted).

Although it is possible that some of these cases might be resolved as a matter of law at an early stage in these proceedings, it remains possible that the cases move forward to discovery. If that were to occur, there would likely be numerous factual differences among the plaintiffs in the different actions, including the factual basis for each Student-Plaintiff's placement at iBRAIN and whether and in what way the New York City Department of Education violated the IDEA's stay-put provision. The parties, at the August 1, 2023 conference, also conceded that each Student-Plaintiff is litigating this very issue through individual administrative proceedings, and that those proceedings have progressed differently for each Student-Plaintiff. For example, an Independent Hearing Officer granted two Student-Plaintiffs' Pendency requests, potentially mooting those Plaintiffs' claims. It is possible that more determinations will occur and that the timing of the determinations will differ for each Student-Plaintiff. Accordingly, consolidating these cases will not save time or make the fact-specific inquiries that are likely to arise in each case more efficient.

The Court also notes that Defendants have not moved to transfer the case filed in the Eastern District of New York, *Ravitz v. Banks*, No. 23-cv-5183 (DLI) (E.D.N.Y.), to this Court. The Court has found no authority, and Defendants fail to cite any, that would allow the Court under Rule 42 to consolidate cases from a different district absent a motion for transfer.

Although the Court finds consolidating the various matters inappropriate here, the Court will closely coordinate the schedules in both *Grullon* and *Frias*, particularly as to the parties' pending motions.

For the reasons explained above, Defendants' motion to consolidate is DENIED.

Dated: August 2, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

3