UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADELINE GRULLON, Individually and as
Parent and Natural Guardian of C.B., et al.,

                                        Plaintiffs,

                    -against-

DAVID C. BANKS, in his official capacity as
Chancellor of the New York City Department
of Education, et al.,

                                        Defendants.

23-CV-5797 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is Defendants' Motion to Dismiss and in Opposition to Plaintiffs'
Motion for Declaratory Relief, ECF No. 14. For the reasons stated herein, Defendants' motion is
GRANTED in part and DENIED in part.

## BACKGROUND

This case is brought by parents of children who "suffer[] from a brain injury that
adversely affects their educational abilities and performance." ECF No. 1 ("Compl.") ¶ 5. Each
parent placed their children at the International Academy for the Brain ("iBRAIN") and bring
this action under the Individuals with Disabilities Act ("IDEA"), seeking a decision that iBRAIN
is an appropriate placement for their children during the 2023–2024 school year. *Id.* ¶ 12. In this
action, they seek an order from the Court declaring iBRAIN as the "Pendency Placement/
Program . . . during the Pendency of all administrative and judicial proceedings" related to the
2023–2024 school year pursuant to 20 U.S.C. § 1415(j) of the IDEA. ECF No. 7 at 1.

### I.   Statutory Framework

Under the IDEA, states receiving federal special education funding are required to
provide free appropriate public education ("FAPE") to children with disabilities. 20 U.S.C.

§ 1400(d)(1)(A); *see also T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 151 (2d Cir. 2014). To provide a FAPE to each student with a disability, a school district must develop an individualized education program ("IEP") that is "reasonably calculated to enable the child to receive educational benefits." *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525 (2d Cir. 2020) (quoting *T.M. ex rel. A.M.*, 752 F.3d at 151).

"The IDEA also requires states to provide an administrative procedure for parents to challenge the adequacy of their children's IEPs." *Mendez v. Banks*, 65 F.4th 56, 59 (2d Cir. 2023) (citing 20 U.S.C. § 1415(b)(6)). New York has implemented a two-tier system of administrative review. N.Y. Educ. Law § 4404; *see also Ventura de Paulino*, 959 F.3d at 526. In the first tier, a parent can file an administrative due process complaint ("DPC") challenging the IEP and requesting a hearing before an impartial hearing officer ("IHO"). *Ventura de Paulino*, 959 F.3d at 526. In the second tier, parties aggrieved by the IHOs can appeal their decision to a state review officer ("SRO"). *Id.*; *see also R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012). "Once the state review officer makes a final decision, the aggrieved party may seek judicial review of that decision in a state or federal trial court." *Ventura de Paulino*, 959 F.3d at 526.

Section 1415(j) of the IDEA, also known as the "stay-put" or "pendency" provision, provides that "while the administrative and judicial proceedings are pending and unless the school district and the parents agree otherwise, a child must remain, at public expense, in his or her then-current educational placement." *Id.* "The purpose of this provision is 'to maintain the [child's] educational status quo while the parties' dispute is being resolved.'" *Abrams v. Porter*, No. 20-3899-CV, 2021 WL 5829762, at *1 (2d Cir. Dec. 9, 2021) (quoting *T.M. ex rel. A.M.*, 752 F.3d at 152). "[A] school district is required to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are

complete." *Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 659 (2d Cir. 2020) (internal quotation marks omitted).

Although the stay-put provision entitles a student to remain at their current educational placement, the New York City Department of Education ("DOE") may dispute what constitutes the last agreed upon placement. *See e.g. Ventura de Paulino*, 959 F.3d at 533 (finding that DOE was not obligated to fund students' placements where parents unilaterally enrolled students in new school that DOE did not approve); *Zvi D. v. Ambach,* 694 F.2d 904, 908 (2d Cir. 1982) (holding that plaintiff-parent was not entitled to reimbursement from DOE where DOE explicitly limited student's "current educational placement" to a specific school year). Thus, until a pendency determination confirming a student's placement is issued, DOE is not obligated to fund that student's tuition or related services. *See Mendez*, 65 F.4th at 60; *Ventura de Paulino*, 959 F.3d at 532.

## II.   Facts

Plaintiffs are the parents and natural guardians of seven minor children ("Student-Plaintiffs"), each of whom suffers from a brain injury that affects their education abilities and performance. Compl. ¶ 5. On July 5, 2023, each Plaintiff filed a DPC against DOE alleging that DOE failed to provide their child with a FAPE. *Id.* ¶¶ 38, 53, 71, 87, 101, 116, 130. According to Plaintiffs, the Student-Plaintiffs all have a decision or order from an IHO or SRO establishing iBRAIN as their last agreed-upon placement for the pendency of the Due Process Proceedings for the 2023–2024 school year. *Id.* ¶¶ 39, 54, 72, 88, 102, 117, 131. Each Student-Plaintiff currently attends iBRAIN. *Id.* ¶ 136.

On July 6, 2023, Plaintiffs brought the instant action against DOE seeking an order declaring iBRAIN as the students' pendency placement under Section 1415(j) for the 2023–2024

school year, "which includes funding tuition at iBRAIN and all related services." *Id.* at Relief
Requested. On July 12, 2023, Plaintiffs filed a Motion for Declaratory Judgement and Pendency
Order/Automatic Injunction seeking the same relief sought in the Complaint. ECF No. 6.

The parties have provided the Court with periodic updates on the pendency
determinations of Student-Plaintiffs. Per DOE's August 11, 2023 update, a pendency order was
issued for Student-Plaintiff R.P., confirming iBRAIN as R.P.'s pendency placement. *See* ECF
No. 20. According to the Declaration of Michael Pantalony, filed in support of Defendants'
Motion to Dismiss, as of August 22, 2023, DOE acknowledged iBRAIN as the pendency
placement for H.C., S.J.D. and L.S. and stated that payments for those placements "will be
authorized and processed in the normal course of business." *See* ECF No. 23 at 2–5. Per DOE's
September 8, 2023 update, D.O. received a pendency order confirming iBRAIN as their
pendency placement. *See* ECF No. 25. On October 11, 2023, counsel for Plaintiffs filed a letter
stating that DOE's failure to fund H.C.'s transportation services has jeopardized her placement at
iBRAIN. ECF No. 28 at 3.

As of September 8, 2023, the remaining Student-Plaintiffs, R.N. and C.B., "are still at
iBRAIN and receiving the services Plaintiffs have claimed are owed under pendency." *Id.*
However, on September 25, 2023, counsel for Plaintiffs filed a letter stating that an IHO issued a
pendency order on September 22, 2023 declining to find iBRAIN as R.N.'s pendency placement.
ECF No. 26 at 11. During a conference before the Court, Plaintiffs' counsel represented that R.N.
was currently attending iBRAIN, an SRO upheld the IHO's decision and counsel may appeal the
SRO's determination. At the conference, counsel for DOE noted that if R.N. appealed the SRO's
decision, DOE would acknowledge that R.N.'s pendency is at iBRAIN for the duration of the

4

appeal. As of the date of this order, it is the Court's understanding that C.B. has not yet received a pendency determination. *See* ECF No. 24.

## LEGAL STANDARDS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The federal courts are courts of limited jurisdiction, their powers circumscribed at their most basic level by the terms of Article III of the Constitution, which states that they may hear only 'Cases' or 'Controversies.'" *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001). "[A]t all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Id*. at 118–19. If a live controversy no longer exists, the case becomes moot and a district court no longer "has subject-matter jurisdiction because any ruling or judgment issued without [a live controversy] would be hypothetical in nature." *F.O. v. N.Y.C. Dep't of Educ*., 899 F. Supp. 2d 251, 254 (S.D.N.Y. 2012).

"In reviewing a motion to dismiss under Rule 12(b)(1), the court 'must accept as true all material factual allegations in the complaint, but is not to draw inferences from the complaint favorable to plaintiffs.'" *Cruz v. N.Y.C. Dep't of Educ*., No. 19-CV-856 (PGG), 2020 WL 1322511, at *6 (S.D.N.Y. Mar. 20, 2020) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247, 130 S. Ct. 2869 (2010) (citing *Makarova,* 201 F.3d at 113). "Where, as here, the defendant moves for dismissal under Rule 12(b)(1) . . . as well as on other grounds, the court should consider the Rule 12(b)(1)

challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Cruz*, 2020 WL 1322511, at *6 (quoting *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)).

## DISCUSSION

The Student-Plaintiffs in this action fall into three groups. The first is Student-Plaintiffs who received confirmation from DOE that iBRAIN is their pendency placement. The second is Student-Plaintiff C.B., who is still awaiting a pendency determination from DOE. And the third is Student-Plaintiff R.N., who received a pendency order declining to find iBRAIN as their pendency placement. For the reasons set forth below, the Court finds this matter not justiciable as to groups one and two. As for third group, the Court finds that R.N. is the only Student-Plaintiff with a justiciable claim, as they received an adverse pendency determination.

### I. H.C., L.S., S.J.D., D.O., and R.P.'s Claims Are Moot

This case is moot for the Student-Plaintiffs who received confirmation from DOE that iBRAIN is their pendency placement. "Under the doctrine of mootness, the plaintiff's 'personal stake' in the outcome of the litigation 'must be extant at all stages of review, not merely at the time the complaint is filed.'" *Stagg, P.C. v. U.S. Dep't of State*, 983 F.3d 589, 601 (2d Cir. 2020) (quoting *United States v. Sanchez-Gomez*, 584 U.S. ----, 138 S. Ct. 1532, 1537 (2018)). "When the plaintiff no longer has a legally cognizable interest in the outcome of the action, the case becomes moot and is no longer a 'case' or 'controversy' for the purposes of Article III." *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S.Ct. 721, 726–27 (2013)). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Here, Student-Plaintiffs H.C., L.S., S.J.D., D.O. and R.P. each received the exact relief they requested – a determination finding iBRAIN as their pendency program. *See M.S. ex rel. M.S. v. N.Y.C. Dep't of Educ.*, 734 F. Supp. 2d 271, 273 (E.D.N.Y. 2010) (dismissing matter as moot where "[p]laintiff has received exactly the kind of educational placement . . . that he sought."). And counsel for Plaintiffs admitted during an August 1, 2023 conference before the Court that the claims related to students who received the requested relief were moot. Accordingly, the relief they seek has already been provided, and their claims are moot.

Plaintiffs' October 11, 2023 update regarding DOE's failure to fund H.C.'s transportation services does not revive H.C.'s claim in this action. Though Plaintiff may be able to establish that DOE's delay in paying H.C.'s transportation costs has jeopardized their placement at iBRAIN, such a claim must be brought in a separate action as H.C. has already received the relief they requested in this action, a determination finding iBRAIN as their pendency program. *See Mendez*, 65 F.4th at 63.

## II.   C.B.'s Claim Is Not Ripe; R.N.'s Claim Is Ripe

Student-Plaintiff C.B.'s claim, whose pendency determination remains outstanding, is not ripe for judicial review. "To be justiciable, a cause of action must be ripe—it must present 'a real, substantial controversy, not a mere hypothetical question.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (quoting *AMSAT Cable Ltd. V. Cablevision of Conn.*, 6 F.3d 867, 872 (2d Cir.1993)). "A claim is not ripe if it depends upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81, 105 S.Ct. 3325, 3333 (1985)).

The Second Circuit's recent decision in *Mendez v. Banks* is instructive on ripeness in the IDEA context. 65 F.4th 56 (2d Cir. 2023). In *Mendez*, parents of minor children enrolled in

iBRAIN sought a court order pursuant to Section 1415(j) directing DOE to fund their children's pendency placements at iBRAIN. *Id.* at 58–59. At the time the opinion was written, DOE had already made tuition payments through March of that school year; however, plaintiffs sought payment for the remainder of the year. *Id.* at 60–61.

The Court found plaintiffs' claims unripe as DOE had not withheld any payments that were actually due. *Id*. at 61. Section 1415(j) only requires DOE to fund a student's placement during the pendency of the underlying FAPE proceeding. *Id.* For the Court "to conclude that the DOE has a legal obligation to fund the children's placement" for the remainder of the school year, it would "first need to know whether the underlying [FAPE] proceedings remain pending during that period." *Id*. Since it was not possible to determine when the FAPE proceedings would conclude, the Court could "not assume that DOE's legal obligation will continue through the remainder of the school year." *Id*. Accordingly, plaintiffs' claims were not ripe as their entitlement to funding depended on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id*. (quoting *Nat'l Org. for Marriage, Inc.*, 714 F.3d at 687). DOE had not failed to provide plaintiffs with relief to which they were entitled.

Here,  Plaintiffs do not claim or put forth any evidence that DOE is contesting C.B.'s pendency placement. Per the IDEA's stay-put provision, C.B. must "remain in the then-current educational placement." 20 U.S.C. § 1415(j). According to Plaintiffs, that placement is iBRAIN, which is where C.B. is currently placed while the administrative proceedings are taking place. *See id.*; *Ventura de Paulino*, 959 F.3d at 532. Plaintiffs' have made no showing that C.B. is in danger of losing their placement at iBRAIN. Thus, whether C.B.'s placement at iBRAIN is put in jeopardy "depends upon contingent future events that may not occur as anticipated, or indeed

may not occur at all." *Mendez*, 65 F.4th at 61 (quoting *Nat'l Org. for Marriage, Inc.*, 714 F.3d at 687).

As in *Mendez*, Plaintiffs' claims here are unripe unless and until DOE violates its legal obligation. For the Court to conclude that DOE has violated the stay-put provision, DOE would first have to dispute or deny Student-Plaintiffs' pendency determinations, which it has yet to do with respect to C.B., if it will at all.

The fact that the claims brought on behalf of most of the Student-Plaintiffs in this action are now moot further demonstrates the ripeness issue with respect to C.B. C.B.'s claim is contingent on DOE disputing pendency or otherwise violating the stay-put provision, and if the DOE confirms the pendency determination C.B. seeks in this action, the claim is moot. Only if DOE disputes pendency, which it has not done, will C.B. have a justiciable claim.[1]

Plaintiffs argue that the IDEA's stay-put provision ripens their claims as it entitles them to "a determination of pendency . . . via an automatic injunction." ECF No. 22 ("Pl. Mem.") at 17. In support, Plaintiffs cite Second Circuit precedent characterizing Section 1415(j) as an automatic preliminary injunction since it "substitutes an absolute rule in favor of the status quo," that is, the maintenance of a student's then-current educational placement. *Id*. at 12–13 (citing *Ventura de Paulino*, 959 F.3d at 529; *Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982)). According to Plaintiffs, because the stay-put provision triggers an automatic injunction maintaining a student's pendency, they are entitled to a pendency determination order "regardless of when or if DOE chooses to contest the pendency placements, and therefore this claim satisfies the ripeness requirement." *Id*. at 17. Plaintiffs further allege that "even if the automatic nature of

---

[1] Although not raised by either party, there is also a substantial question as to whether C.B. has standing to bring this action. C.B. is required to allege "injury in fact." *De Paulino*, 2019 WL 1448088, at *3. While a violation of the stay put provision can constitute an injury in fact, *see id.*, C.B. has failed to plausibly allege any violation of that provision.

pendency does not satisfy the ripeness requirement, the dispute between Plaintiffs and Defendants on the immediacy of a pendency determination creates a controversy that is 'ripe' for this Courts' review." *Id.*

The Court finds these arguments unavailing. To begin, Plaintiffs fail to provide support for either claim. The "automatic injunction" triggered by the stay-put provision does not ripen Plaintiffs' claims for judicial review – it provides students with an automatic right to remain in their current educational placement. Plaintiffs misstate the nature and function of the so-called automatic injunction under Section 1415(j). The automatic injunctive effect of Section 1415(j) *is* a student's ability to automatically remain in their current educational placement during the pendency of their underlying FAPE proceedings. *See Ventura de Paulino,* 959 F.3d at 536 ("[T]he stay-put provision prevents a school district from modifying a student's pendency placement without the parents' consent . . . ."). It is not, as Plaintiffs suggest, a mechanism through which Plaintiffs can seek a court order requiring DOE to acknowledge a pendency determination. *See id.* (rejecting parent-plaintiffs' claim for funding where they "failed to plausibly allege a violation of the stay-put provision").

The cases Plaintiffs rely on do not support their proposition. Instead, they confirm that the IDEA pendency removes a student's burden of having to obtain an ordinary preliminary injunction in order to maintain their educational placement. *Id*. at 529 ("Ordinarily, to obtain a preliminary injunction, the movant has to show (a) irreparable harm and (b) . . . likelihood of success on the merits . . . [b]ut where the IDEA's stay-put provision is implicated, the provision triggers the applicability of an automatic injunction designed to maintain the child's educational status quo . . . ." (citing *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)); *Zvi D.*, 694 F.2d at 906 (internal quotation marks

omitted). But that does not mean that the statute "requires the DOE to automatically *fast-track*" Student-Plaintiffs' pendency determinations or that a live dispute exists where DOE has not modified a student's placement without parental consent or otherwise violated the stay-put provision. *Mendez*, 65 F.4th at 63; *Ventura de Paulino*, 959 F.3d at 536. Because DOE is not required to make immediate pendency determinations, there is no indication that C.B.'s pendency placement is in jeopardy, and because C.B. has not alleged that the DOE has otherwise violated the stay-put provision, there is no issue ripe for judicial review.

Nor is controversy created by the parties' dispute over the immediacy of a pendency determination. The IDEA does not provide students with a specific timeline by which their pendency determinations must be decided. Plaintiffs point to the DOE's delay in other cases and the recent settlement agreement in *L.V. v. N.Y.C. Dep't of Educ.*, No. 03-CV-9917 (S.D.N.Y) to justify the need for a court order here. Pl. Mem. at 20–21. However, Plaintiffs cannot show that DOE has been excessively delayed in processing the pendency requests here. Indeed, Plaintiffs filed the instant action one day after filing their DPC. Although Plaintiffs may wish for DOE to finalize students' pendency determinations within one day of filing a DPC, "the practical realities of bureaucratic administration" all but assure that such timing is impossible. *See Mendez* 65 F. 4th at 63. As the Second Circuit in *Mendez* noted, "DOE receives thousands of [requests for pendency] under the IDEA at the start of each school year . . . [a]ny agency will need some amount of time to process" those requests. *Id.* (citing N.Y.C. Indep. Budget Off., "Carter Case" Spending for Students with Special Needs Continues to Grow Rapidly 2 (2021), https://ibo.nyc.ny.us/iboreports/carter-case-spending-for-students-with-special-needs-continues-to-grow-rapidly-march-2021.pdf).

Unlike C.B., however, the Court cannot dismiss R.N.'s claim based on ripeness. Although R.N. remains at iBRAIN, R.N. has received two adverse pendency determinations and DOE has not otherwise agreed to R.N.'s pendency placement at iBRAIN. Because of that, there is a live dispute for the Court to address. The Court denies DOE's motion to dismiss with respect to R.N.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Complaint is GRANTED as to Plaintiffs Madeline Grullon (C.B.), Maytinee Bird (H.C.), Maria Hidalgo (L.S), Patrick Donohue (S.J.D.), Adejumoke Ogunleye (D.O.) and Rosa Elba de Paulino (R.P), each individually and as parent and natural guardian of the Student-Plaintiffs. The motion to dismiss is DENIED as to Svetlana Khanimova individually and as parent and natural guardian of R.N. The application for emergency relief at ECF No. 6 remains pending for Plaintiff Khanimova (R.N.), which Court will decide in due time. The Clerk of Court is directed to close the case *only* for the above-listed Plaintiffs and to terminate the motion at ECF No. 14.

Dated:  October 19, 2023
          New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge